**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DARNELL MOSLEY** | ) | **CASE NO. 5:04CV726** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **JIM PETRO, Attorney General** | ) | |
| | ) | |
| **Respondent.** | ) | |

  Before this Court is Darnell Mosley's petition for writ of habeas corpus filed on April 1, 2004. This case was referred to United States Magistrate Judge George J. Limbert for a Report and Recommendation. Magistrate Judge Limbert recommended that Petitioner's petition be dismissed as untimely. Although this Court is fully aware that the Sixth Circuit has heard this issue en banc and is likely to change the current rule, the Court rejects the opinion of the Magistrate Judge. Based on the current state of the law, the Court, therefore, accepts the petition as timely and remands the petition to the Magistrate Judge for consideration on the merits.

## I. FACTUAL BACKGROUND

On November 8, 2000, Petitioner was indicted by a Stark County Grand Jury on one count of aggravated robbery in violation of Ohio Rev. Code Ann. § 2911.01, with a firearm specification, and one count of felonious assault in violation of Ohio Rev. Code Ann. § 2903.11. Petitioner, through counsel, pleaded not guilty to all counts.

Following a jury trial, Petitioner was found guilty of all counts. On April 16, 2001, the trial court sentenced Petitioner to an eight-year term of imprisonment on the aggravated robbery charge with an additional three years for the firearm specification, to be served consecutively. The trial court also sentenced Petitioner to a six-year term of imprisonment on the felonious assault conviction, to be served concurrently to the sentence imposed on the aggravated robbery conviction. The trial court further ordered these sentences to be served consecutively to a sentence Petitioner was serving for possession of cocaine in a separate case.

Petitioner, through new counsel, filed a timely appeal to the Ohio Court of Appeals for the Fifth Appellate District. He raised the following assignments of error: (1) The convictions were against the manifest weight and sufficiency of the evidence, and (2) Due process violations by failing to grant a mistrial after the arresting officer testified as to appellant's post- Miranda silence. The Ohio Court of Appeals affirmed the judgment of the trial court on March 4, 2002. Petitioner had 45 days from this date, or until April 18, 2002, in which to file his appeal with the Ohio Supreme Court. Petitioner did not appeal to the Supreme Court of Ohio.

In an affidavit attached to his Rule 26(B) application to reopen, Petitioner claims that he was not notified of the Court of Appeals' decision and did not inquire because his appellate counsel told

him that the appeals process can take up to two years. Petitioner claims that he was unaware of the decision until August 2003, when he requested a copy of the judgment, which he received later that month.

On October 22, 2003, Petitioner filed a delayed application for reopening of appeal pursuant to Rule 26(B) of Ohio Rules of Appellate Procedure[1] alleging three errors:

> 1. The trial court erred to the prejudice of Defendant-Appellant as he was denied his right to effective assistance of counsel on both the trial and appellate levels secured to him by the Sixth Amendment to the Constitution of the United States.
>
> 2. The Trial court erred to the prejudice of Defendant-Appellants as he was denied a fair trial due to prosecutorial misconduct in violation of his Fifth and Fourteenth Amendment rights to due process.
>
> 3. The Trial court erred to the prejudice of Defendant-Appellant as the jury's verdict was contrary to the manifest weight of the evidence, thereby denying Defendant-Appellant of due process and a fair trial as guaranteed by the Constitutions of the United States and Ohio.

(ECF Dkt. # 11-7). The State filed a response on November 14, 2003. The Ohio Court of Appeals found that Petitioner had shown good cause for filing past the deadline. However, on December 4, 2003 the Ohio Court of Appeals denied Petitioner's application for reopening. Petitioner did not appeal the denial of his Rule 26(B) application for reopening to the Supreme Court of Ohio.

---

[1] "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio Rule App. Procedure Rule 26(B) (2005).

-3-

On April 1, 2004[2], Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserted the following grounds for relief:

> **Ground one**: Petitioner was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the Constitution of the United States and the state court's decision was both contrary to and involved unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.
> **Ground Two**: The Petitioner was denied his right to due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution when the prosecuting attorney improperly vouched for the credibility of the government's key witness.
> **Ground Three**: The State Court's verdict of guilty was based on an unreasonable determination of the facts in light of the evidence presented. Part 3, Petition for Writ of Habeas Corpus, ECF #1-3.

## II. STANDARD OF REVIEW

**A. Review of Magistrate Judge's Report and Recommendation**

Although Petitioner failed to respond to the Respondent's Motion to Dismiss, neither the magistrate judge nor the district court judge need accept the position of the Respondent. Congress intended that the district court judge be the final arbiter by providing de novo review of the magistrate's findings. *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir.1988). The Sixth Circuit specifically clarified the proper role of magistrate judges and emphasized "to the district courts the importance of employing the proper standard of review of the magistrate's findings." *Id*. at 876. The court stressed that it was only clarifying the standard required by the Federal Magistrates Act and the Constitution. *Id*. Section 636(b)(1)(B) of the Federal Magistrates Act allows magistrates to hear habeas corpus

---

[2]The Magistrate's Report and Recommendation incorrectly states that Petitioner filed the instant petition on April 19, 2004. The Petition was filed April 1, 2004.

-4-

petitions. *Id.* at 877. The district court judge may accept, reject, modify, or remand the proposed finding. *Id*. at FN 3. However, district court judges may not abdicate their responsibility to magistrate judges; they must review de novo the magistrate judge's report and recommendation in habeas cases in order to fulfill their Article III duties. *Id*. at 878-79.

**B. Habeas Corpus**

**i. Statute of Limitations**

U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, governs this petition for writ of habeas corpus. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997). A state prisoner seeking habeas corpus relief pursuant to §2254 must comply with the statute of limitations period set forth in 28 U.S.C. §2244, which provides in pertinent part:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) The date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. A. §2244(d)(1).

Section 2244(d)(2) provides that the "time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count towards the statute of limitations. In other words, the time during which a properly filed application for collateral review is pending merely tolls the statute of limitations, while the statute of limitations does not begin until the conclusion of the direct review process.

The statute of limitations in 2244(d)(1) is an affirmative defense, not a jurisdictional prerequisite. *Scott v. Collins*, 286 F.3d 923, 927 (6th Cir. 2002). The party asserting the statute as a defense bears the burden of demonstrating that the statute has run. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

**ii. Ohio Appellate Rule 26(B)**

As noted previously, a prisoner may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel within ninety days from journalization of the appellate judgment unless the prisoner shows good cause for filing at a later time. Ohio App. R. 26 (B). It is well settled that the Sixth Circuit considers a delayed Rule 26(B) application for reopening part of the direct review process, not part of the collateral review process. *White v. Schotten*, 201 F.3d 743, 752 (6th Cir. 2000); see also *Griffin v. Rogers*, 399 F.3d 626, 636 (6th Cir. 2005) (District court held petitioner had not exhausted her state remedies because she had not yet filed a 26(B) application to reopen her appeal with the state court of appeals.)

### III. LAW AND ANALYSIS

**A. Petitioner's Objections to the Magistrate's Report and Recommendation**

Petitioner had ten days to file an objection to the Magistrate's Report and Recommendation, dated September 23, 2004. On October 6, 2004 Petitioner filed a document titled "Petitioner's Response and Traverse to Respondent's Return of Writ."[3] This court is not barred from providing de novo review of the magistrate's report and recommendation because a pro se petitioner mistitled his

---

[3] Petitioner's objections are timely because he is granted an additional three days for service. Fed. R. Civ. P. 6 (e).

-6-

objections. See *Haines v. Kerner*, 404 U.S. 519 (A pro se complaint however inartfully pleaded should be held to less stringent standards than one drafted by lawyers.); *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003) ("A handwritten pro se complaint should be liberally construed.").

In recommending the dismissal of Petitioner's petition, the Magistrate Judge found that the statute of limitations had run. The Magistrate Judge's recommendation that this Court consider the Rule 26(B) application as part of the direct appeals process, where it only tolls the statute of limitations, employs unclear logic, contrary to the clear statutory language of
28 U.S.C. § 2244.

The Magistrate Judge identified April 19, 2003 as the deadline to file a timely habeas petition. He calculated one year from April 18, 2002, the date for appealing to the Ohio Supreme Court and, thus, the date Petitioner's conviction became final. Because Petitioner filed his Rule 26(B) application on October, 2003, after the AEDPA statute of limitations had run, the Magistrate Judge found that this application could not toll the statute of limitations. If, by the Magistrate Judge's reasoning, however, Petitioner would have filed his Rule 26(B) application before April 19, 2003, the statute of limitations would have been tolled while the Rule 26(B) application was pending in state court.

Although the Magistrate Judge found that the Sixth Circuit considers a Rule 26(B) application part of the direct review process, he found that the statute of limitations had already run when Petitioner filed his Petition for Writ of Habeas Corpus on April 1, 2004. The Magistrate Judge reasoned that even though Petitioner's Rule 26(B) application was part of the direct review process, the application did not revive the AEDPA statute of limitations.

**B. The AEDPA statute of limitations begins to run at the conclusion of direct review**

This Court makes its decision fully aware that the Sixth Circuit has heard this particular issue en banc,[4] and that it is likely the present interpretation will change. However, this Court accepts the Sixth Circuit's current rule that a Rule 26(B) application is part of the direct review process.

In an unpublished decision the Sixth Circuit clarified its position on the application to reopen appeal pursuant to Ohio App. R. 26(B) and its effect on the AEDPA statute of limitations. *Lambert v. Warden*, *Ross Correctional Institute*, unreported 81 Fed. Appx. 1 (6th Cir. 2003). *Lambert* held that, whether rightly or wrongly decided, the Sixth Circuit has previously decided that a 26(B) application is part of the direct appeal process. Here, the Magistrate Judge reached the opposite conclusion of *Lambert*, yet he only offered a parenthetical citation showing that the case was unreported.

Citing unpublished opinions is disfavored in the Sixth Circuit unless that opinion establishes the law of the case. U.S. Ct. of App. 6th Cir. Rule 28(g). The court allows citation of unpublished decisions in limited circumstances, including when an "unpublished decision has precedential value in relation to a material issue in a case, and no published decision would serve as well." *Id*. Because of the state of flux of the law relating to the status of Rule 26(B) applications, the *Lambert* opinion provides the most accurate explanation of the relevant law.

---

[4]*Lopez v. Wilson*, 366 F.3d 430, (6th Cir. 2004), Rehearing granted in April 2004; oral argument heard in December 2004.

Lambert was convicted of retaliation in an Ohio state trial court, he appealed to the Ohio appellate court, and failed to petition the Ohio Supreme Court within forty-five days of appellate review. On September 17, 1998, 104 days after the appellate judgment, Lambert, *pro se*, filed an Application to Reopen under Ohio App. R. 26(B). The Ohio appellate court denied Lambert's application on procedural and substantive grounds. On December 18, 1998, Lambert filed *pro se* an appeal of the denial of his 26(B) application. On February 17, 1999, the Ohio Supreme Court rejected the appeal, after choosing not to exercise jurisdiction. On January 25, 2000 Lambert submitted his petition for writ of habeas corpus under § 2254. The district court dismissed the application as untimely, calculating the start of the statute of limitations from the date Lambert's forty-five day time limit to appeal to the Ohio Supreme Court expired.

A three-judge panel decided *White,* 201 F. 3d., in 2000, and *White* explicitly held that a Rule 26(B) application for reopening is part of the direct appeal process. "Federal courts in this circuit of course do not enjoy the privilege of ignoring binding precedent. Nevertheless, courts' confusion as to classification of...26(B) proceedings as post-conviction relief has continued unabated" since the *White* decision. *Lambert,* unreported, 81 Fed. Appx. at 5. However, future attempts at clarification were either contradictory or added to the confusion. See *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000) (failed to cite *White*, yet treated 26(B) applications as collateral rather than direct review, ultimately held that 26(B) applications did not toll the statute of limitations); *Bronaugh v. Ohio* 235 F.3d 280 (6th Cir. 2000) (following "*White's* direct holding that Rule 26(B) applications...are part of the direct appeal process", but held that the statute of limitations should only be tolled while the 26(B) application is pending in the state court.). However, the *Lambert* court clarifies that *White* is still the rule and

subsequent cases are not binding as far as they contradict *White*. *Lambert,* unreported, 81 Fed. Appx. at 1; citing *Morgan v. Money*, 2000 WL 178421 (6th Cir. 2000).

*Lambert* explains that a Rule 26(B) application is best viewed as collateral review rather than direct review because that view is most cohesive with the structure, function, history, and policy of the AEDPA. "Nevertheless, in a panel decision good policy, judicial economy and sound reason cannot trump binding precedent. A panel of this court cannot overrule the decision of another court." *Id.* at 9; citing *Salmi v. Sec'y of Health and Human Services*, 774 F.2d 685, 689 (6th Cir. 1985). To the extent that any cases contradict *White* they should be disregarded. *Id.* at 10. The Sixth Circuit remanded the case to the district court because Lambert filed his Petition for Writ of Habeas Corpus with the federal court less than one year after the Ohio Supreme Court denied review of Lambert's Rule 26(B) application, therefore within the AEDPA statute of limitations.

In *Lopez v. Wilson*, the petitioner, found guilty of rape in Ohio state court, filed a petition for write of habeas corpus challenging the Ohio courts' holding that Lopez did not have a right to counsel for the Rule 26(B) proceedings. *Lopez v. Wilson*, 355 F.3d 931 (6th Cir. 2004), rehearing en banc granted, vacated, 366 F.3d 430. If the 26(B) proceedings are part of the direct appeal there is a Constitutional right to counsel on direct appeal; however, there is no corresponding right for state post conviction proceedings. *Id*. at 933.

The warden asked the court to certify to the Ohio Supreme Court the question of whether a Rule 26(B) motion to reopen is properly characterized as a civil, post conviction proceeding for challenging a final judgment in a criminal case, or is instead part of the defendant's first appeal as of right in a criminal case. "Rightly or wrongly, see *Lambert*, 2003 U.S. App. Lexis 18315 at 7-8, this

-10-

question has already been addressed by this Circuit in *White*. Thus a request for further clarification by the Ohio Supreme Court by this panel would be improper, because the only reason for this panel to certify a question would be to revisit the prior panel's decision which we cannot do..." *Id*. The court further emphasized that certifying the question would be moot because it "would not be bound by the state courts' characterization of Rule 26(B) proceedings for purposes of determining the federal question presented." *Id*. at 942. The case was decided on other grounds. On April 20, 2004 the Sixth Circuit voted to rehear *Lopez* en banc. *Lopez*, 366 F.3d at 430.[5]

Here, the Ohio Court of Appeals found that Petitioner had shown good cause for filing his Rule 26(B) application for reopening of appeal past the 90- day deadline. Although this court is not bound by the findings of the state court, it will not second guess the well-reasoned finding of good cause by another court directly involved in the direct review process.

Respondent has failed to meet the burden of proving that the statute of limitations has run. The § 2244 statute of limitations period began to run when the time for filing for review in the State Supreme Court expired on January 17, 2004 (forty-five days from the appellate court's December 4, 2003 decision to deny Petitioner's Rule 26(B) application). Therefore, Petitioner had one year from January 18, 2004 to file his Petition for Writ of Habeas Corpus. Petitioner filed the instant federal petition on April 1, 2004, well before the expiration of the one-year statute of limitations period on January 18, 2005. Petitioner's petition for writ of habeas corpus is timely, and is remanded to the Magistrate Judge for consideration of the merits.

---

[5] When the Sixth Circuit granted a rehearing en banc, the previous *Lopez* decision was vacated, the mandate stayed, and the case restored to the docket pending appeal. *Lopez*, 366 F.3d at 430.

-11-

**C. Equitable Tolling**

The Magistrate Judge suggests that Petitioner may be entitled to equitable tolling. A threshold requirement for equitable tolling is that the petition be time-barred. *Griffin*, 399 F.3d at 636. Because Petitioner has filed a timely habeas petition, this Court need not consider equitable tolling.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus is timely. The petition is remanded to the Magistrate Judge for consideration of the merits.

IT IS SO ORDERED.

 8/4/05                            /s/ Christopher A. Boyko
Date                               CHRISTOPHER A. BOYKO
                                   United States District Judge
                                   (Signed original on file)