UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL MOSLEY, | ) | Case No. 5:04CV726 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| JEFFREY A. WOLFE, Attorney General, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

This case is before the undersigned by order of remand to address the merits of Darnell Mosley's ("Petitioner") *pro se* petition for the writ of habeas corpus. ECF Dkt. #1, 17. For the following reasons, the undersigned recommends that this application be DISMISSED as time-barred.

I. **FACTUAL AND PROCEDURAL HISTORY**

   A. **State Trial Court Proceedings**

   On November 8, 2000, Petitioner was indicted by a Stark County Grand Jury on one count of aggravated robbery in violation of Ohio Rev. Code Ann. § 2911.01, with a firearm specification, and one count of felonious assault in violation of Ohio Rev. Code Ann. § 2903.11. ECF Dkt. #11, Exhibit 1. Petitioner, through counsel, pleaded not guilty as to all counts.

   Following a jury trial, Petitioner was found guilty as charged in the indictment. On April 16, 2001, the trial court sentenced Petitioner to an eight-year term of imprisonment on the aggravated robbery charge, with an additional three years for the firearm specification, to be

served consecutively to the underlying term of imprisonment. ECF Dkt. #11, Exhibit 2. The trial court also sentenced Petitioner to a six-year term of imprisonment on the felonious assault conviction, to be served concurrently to the sentence imposed on the aggravated robbery conviction. *Id.* The trial court furthered ordered that these sentences be served consecutively to a sentence Petitioner was serving for possession of cocaine in Case No. 2000CR1132. *Id.*

### B. Direct Appeal

On December 28, 2001, Petitioner, through new counsel, filed a timely appeal to the Ohio Court of Appeals for the Fifth Appellate District ("Ohio Court of Appeals"), and raised the following assignments of error:

1. APPELLANT'S CONVICTIONS FOR AGGRAVATED ROBBERY WITH A GUN SPECIFICATION AND FELONIOUS ASSAULT WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. (TR AT 158-353).

2. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS OF LAW BY FAILING TO GRANT A MISTRIAL AFTER THE ARRESTING OFFICER TESTIFIED AS TO APPELLANT'S POST-MIRANDA SILENCE. (TR AT 342-3. 358-60).

ECF Dkt. #11, Exhibit 3. The State filed a brief in response. ECF Dkt. #11, Exhibit 4. On March 4, 2002, the Ohio Court of Appeals affirmed the judgment of the trial court. ECF Dkt. #11, Exhibits 5 and 6.

Petitioner did not appeal to the Supreme Court of Ohio.

### C. Delayed Application to Reopen Appeal Pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure.

On October 22, 2003, Petitioner filed a delayed application for reopening of appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, in which he alleged ineffective

-2-

assistance of appellate counsel. ECF Dkt. #11, Exhibit 7. In his memorandum in support, Petitioner asserted the following assignments of error:

1. The trial court erred to the prejudice of Defendant-Appellant as he was denied his right to effective assistance of counsel on both the trial and appellate levels secured to him by the Sixth Amendment to the Constitution of the United States.

2. The trial court erred to the prejudice of Defendant-Appellants [sic] as he was denied a fair trial due to prosecutorial misconduct in violation of his Fifth and Fourteenth Amendment rights to due process.

3. The trial court erred to the prejudice of Defendant-Appellant as the jury's verdict was contrary to the manifest weight of the evidence, thereby denying Defendant-Appellant of due process and a fair trial as guaranteed by the Constitutions of the United States and the State of Ohio.

ECF Dkt. #11, Exhibit 8. The State filed a response on November 14, 2003. ECF Dkt. #11, Exhibit 9. On December 4, 2003, the Ohio Court of Appeals denied Petitioner's application for reopening because his three assignments of error were meritless. ECF Dkt. #11, Exhibit 10.

Petitioner states that he did attempt to appeal the denial of his Rule 26(B) application for reopening to the Supreme Court of Ohio; However it was returned unfiled because it was untimely. ECF Dkt. #14 at 2.

### D. Federal Habeas Corpus

On April 19, 2004, Petitioner, *pro se*, filed the instant petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner asserts the following grounds for relief:

**Ground One:** PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND THE STATE COURT'S DECISION WAS BOTH CONTRARY TO AND INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.

**Ground Two**: THE PETITIONER WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE PROSECUTING ATTORNEY IMPROPERLY VOUCHED FOR THE CREDIBILITY OF THE GOVERNMENT'S KEY WITNESS.

**Ground Three:**  THE STATE COURT'S VERDICT OF GUILTY WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED.

ECF Dkt. #1.

On April 8, 2004, Judge Edmund A. Sargus transferred the instant matter to the United States District Court for the Northern District of Ohio.  ECF Dkt. #2.  Thereafter, on June 7, 2004, Judge James S. Gwin referred the instant matter to the undersigned for a report and recommendation as to the instant petition for writ of habeas corpus.  ECF Dkt. #8.

On August 6, 2004, Jeffrey A. Wolfe ("Respondent"), the Warden of the Noble Correctional Institution where Petitioner is currently serving his state sentence, filed a motion to dismiss the instant petition for writ of habeas corpus as time-barred.  ECF Dkt. #11.  Petitioner failed to timely respond to the motion.  On September 23, 2004, the undersigned issued a report and recommendation that Petitioner's application for the writ of habeas corpus be dismissed with prejudice as time barred and not subject to equitable tolling.  ECF Dkt. #13.  On October 6, 2004, Petitioner filed an untimely response and traverse to Respondent's return of writ.  ECF Dkt. #14.

On January 4, 2005, Judge James S. Gwin reassigned the case to Judge Christopher A. Boyko pursuant to the protocol for the creation of his docket.  ECF Dkt. #15.  On August 8, 2005, the Court rejected the report and recommendation and remanded the petition to the undersigned for consideration on the merits.  ECF Dkt. #17.  On August 12, 2005, Respondent

filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). ECF Dkt. #18. On October 5, 2005, the Court denied Respondent's motion. ECF Dkt. #19.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this Court's review of the instant matter because Petitioner filed his petition for writ of habeas corpus on April 19, 2004, well after the AEDPA's effective date of April 24, 1996. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with a statute of limitations period set forth in 28 U.S.C. § 2244, which provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Sixth Circuit has held that the "tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

**III. ANALYSIS**

On October 7, 2005, the Sixth Circuit announced its decision in the case of *Lopez v. Wilson*, ___ F.3d ___, No. 01-3875, 2005 U.S. App. LEXIS 21701 (6th Cir. 2005) (*en banc*). The Sixth Circuit, sitting *en banc*, found that "Rule 26(B) [of the Ohio Rules of Appellate Procedure] creates a collateral post-conviction procedure, and is not part of the direct right of appeal." *Id.* at *3-4. Accordingly, the undersigned will address the instant case in light of *Lopez*.[1]

This case turns on whether Petitioner's federal petition of a writ of habeas corpus was timely filed. In pertinent part, the 1-year AEDPA statute of limitation begins running from the latest of :

> [T]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> [or]
> [T]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] In remanding this case and denying Respondent's motion for relief from judgment, the Court relied upon the case of *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), which held that a delayed Rule 26(B) application for reopening an appeal is part of the direct review process. *See* ECF Dkt. #s 17, 19. However, the Court noted that the Sixth Circuit Court of Appeals had agreed to hear a case on this issue. *See Lopez v. Wilson*, 355 F.3d 391 (6th Cir. 2004), *vacated and rehearing granted by* 366 F.3d 430 (6th Cir. 2004). The Court acknowledged that the Sixth Circuit's decision in *Lopez* would be controlling. ECF Dkt. #19 at 4. In fact, *Lopez* specifically overruled *White*. *Lopez*, 2005 U.S. App. LEXIS 21701, *37.

28 U.S.C. § 2244(d)(1)(A) and (D).

The Ohio Court of Appeals issued its opinion on direct review affirming Petitioner's state court conviction on March 4, 2002. ECF Dkt. #11, Exhibits 5-6. Petitioner had 45 days, or until April 18, 2002, to appeal to the Supreme Court of Ohio. *See* Ohio S. Ct. R. II(A). Petitioner did not appeal to the Supreme Court of Ohio and as such, under §2244(d)(1)(A) and taking into consideration *Lopez*, Petitioner's conviction became final on April 18, 2002, the day on which the time for seeking leave to appeal with the Ohio Supreme Court expired.[2] Accordingly, the AEDPA statute of limitations began to run on April 19, 2002, and Petitioner had until April 19, 2003 to file a timely habeas corpus petition. Since Petitioner did not file his habeas petition until April 1, 2004, his petition is time barred.

However, Petitioner argues that neither his appellate counsel nor the Ohio Court of Appeals informed him that a decision had been reached in his direct appeal, thus preventing him from properly and timely filing his current petition for habeas corpus. ECF Dkt. #14. Since Petitioner filed this petition *pro se*, the undersigned must liberally construe his petition and the arguments contained therein. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (stating that the pleadings of *pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers). It is clear to the undersigned that Petitioner

---

[2] As clarified in *Lopez*, while Petitioner filed a 26(B) application, it was not part of the direct review process, it was rather a petition for collateral review. However, because the 26(B) application was not filed until after the conclusion of the 1-year statute of limitations, it did not revive the statute of limitations nor could it have tolled the statute of limitations because it had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (explaining that the "tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Therefore, Petitioner's 26(B) application is not eligible to toll the statute of limitations set by §2244(d)(1)(A).

has a colorable argument under both §2244(d)(1)(D) and equitable tolling based on these facts. Accordingly, to be thorough, the undersigned will address the argument Petitioner has to begin the AEDPA statute of limitations pursuant to 28 U.S.C. §2244 (d)(1)(D).

As stated above, the AEDPA statute of limitations provides that the 1-year time period begins to run "from the latest of" four events.  The latest event pertinent to the instant case is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. §2244 (d)(1)(D).  The factual predicate of the claims presented in this case is the ruling by the Ohio Court of Appeals.  "The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]." *Dicenzi v. Rose*, 419 F.3d 493, 498-99 (6th Cir. 2005) (internal citations omitted).  As long as a habeas petition was filed within one year from the date on which the discovery was made, or should have been made by a duly diligent person, then it is timely.  *Id.*  This is a fact specific inquiry.  *Id.* at 499.  The burden falls on the party asserting that the limitations period has expired, as in all civil statute of limitations. *Id.*

For the sake of argument, the undersigned will credit Petitioner's statements that he was unaware of the disposition of his case until August of 2003 and that it was reasonable to rely on his attorney's representation that a disposition would take one to two years.  *See* ECF Dkt. #14, at 4-5.  However, it is not reasonable or duly diligent that Petitioner waited over the one-year mark and in fact, almost 20 months, to inquire about his case.  Petitioner's direct appeal was filed on December 28, 2001.  ECF Dkt. #11, Exhibit 3.  He did not discover that a decision had been rendered in his case until requesting such information from the Court sometime in August

2003. Based on his attorney's representation that a disposition would take 1 to 2 years, a duly diligent person would have discovered that a decision had been rendered by the appellate court in his case, at the very latest, 1 year from the date of the original appeal or December 30, 2002. Moreover, knowing that there are strict limitations periods involved in the state and federal appeals process, a reasonably diligent person should have inquired about his case multiple times in order to properly and earnestly preserve his appeal time. Thus, Petitioner should have discovered his right to appeal was ripe by December 30, 2002 and so under 2244(d)(1)(D), the 1-year statute of limitations began to run on that date. Accordingly, the AEDPA statute of limitations would have expired on December 30, 2003.

On October 22, 2003, sixty-nine days prior to the expiration of the December deadline, Petitioner filed a 26(B) petition in the Ohio Court of Appeals. This collateral attack, since it was not found to be time barred, would have tolled the limitations period. *See Lopez*, *supra* (finding that a 26(B) is part of the collateral review process); 28 U.S.C. § 2244(d)(2); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (noting that the tolling provision can only pause a clock not yet fully run); *see also Pace v. Diguglielmo,* ____ U.S. ____, 125 S. Ct. 1807, 1812 (2005) (holding that a state court petition only tolls the federal AEDPA if it is timely filed in the state appellate court). Thus, the statute of limitations clock would have tolled for 87 days while that application was pending.[3] This statutory tolling would have ended on January 19, 2004, the last date on which Petitioner could have timely filed an appeal to the Ohio Supreme Court, and the AEDPA clock would have resumed running. Therefore, Petitioner had until March 29, 2004 to

---

[3] The 26(B) petition tolled the expanded AEDPA deadline from October 22, 2003, the date it was filed, until January 19, 2004, the date on which his time to appeal the denial of his 26(B) petition to the Ohio Supreme Court ran out. *See* OHIO S. CT. R. II (A). Together this application tolls the AEDPA deadline under 2244(d)(1)(D) for 87 days.

timely file his federal habeas. However, Petitioner did not file his petition until April 19, 2004. Thus, his federal habeas application is untimely.

Accordingly, the undersigned recommends that the Court find that the instant petition filed on April 19, 2004, under either the 1-year statute of limitations set by §2244(d)(1)(A) or §2244(d)(1)(D), is time-barred.

The remaining issue is whether Petitioner is entitled to equitable tolling. The Sixth Circuit has held that equitable tolling applies to the one-year limitation period for habeas corpus petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, "federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (citations omitted); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Whether equitable tolling is appropriate is a case-by-case analysis. *Id.* The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003).

Petitioner does not claim that he lacked notice or constructive knowledge of the AEDPA statute of limitations, and prejudice to the respondent may be considered only if the other factors of the test are met. *Dunlap*, 250 F.3d at 1009. The issue, therefore, is whether Petitioner was diligent in pursuing his claims.

Petitioner argues that the AEDPA statute of limitations should be equitably tolled because he lacked notice of the Court of Appeals' decision in his direct review. ECF Dkt. #14. He argues that neither his counsel on direct review nor the Court informed him that a disposition had been reached. He further argues that counsel informed him an appeal would take one to two years. Based on that information, Petitioner requested a docket report on his own after receiving no word on the status of his case for 32 months after the appeal was filed. He learned of the disposition of his case upon receiving the docket, a full 17 months after his appeal was decided. Petitioner indicates that he requested the actual entry shortly after learning of its existence. Within two months of receiving the Appellate Court's order, he filed his 26(B) application with the state appellate court. Further, the state Appellate Court found that Petitioner had shown good cause for his failure to file the 26(B) application within the proscribed ninety-days. Based on these circumstances, Petitioner argues that he is entitled to equitable tolling of his federal habeas petition.

While attorney error may justify the Ohio Court of Appeals to find a 26(B) properly filed, it does not justify equitable tolling of the federal statute of limitations. *See Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003) (finding that attorney error is an inadequate justification for equitable tolling); *Colwell v. Tanner*, 79 F. App'x 89, 92-93 (6th Cir. 2003); *Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("[A]n attorney's mistake which results in missing the filing

-11-

deadline imposed by the AEDPA is not a basis for equitable tolling."). Petitioner's ignorance of his own case status cannot form the basis for equitable tolling. Petitioner did not request the state appellate docket for his case until 17 months after the decision had been rendered, yet he could have done so at any time. He also waited 4 months after the state courts concluded their review of his 26(B) motion before filing a federal petition for habeas corpus. Based on the foregoing, the undersigned concludes that Petitioner did not "act[] with reasonable diligence throughout the period he seeks to toll." *See Smith v. Jones*, 2002 U.S. Dist. LEXIS 24613, 12 (D. Mich., 2002) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Therefore, the undersigned finds Petitioner's arguments insufficient to qualify for equitable tolling.

Moreover, even if Petitioner did qualify for equitable tolling or he had been duly diligent in pursuing his claims, all of the assignments of error in his federal habeas petition have been procedurally defaulted. Petitioner did not appeal his conviction to the Ohio Supreme Court and he failed to timely appeal the denial of his 26(B) application to the Ohio Supreme Court. A state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). A state prisoner must complete one full round of the state's appellate review system including a petition for discretionary review when available by the state's highest court, before filing a habeas petition in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732-33 (1999); *see also Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner procedurally defaults those claims that he fails to appeal to the Ohio Supreme Court. *Barkley v. Konteh*, 240 F. Supp. 2d 708 (N.D. Ohio 2002); *see Dickerson v. Mitchell,* 336 F.Supp. 2d 770, 786 (N.D. Ohio 2004). A Petitioner can escape

default by a showing of cause and prejudice; however, Petitioner makes no such showing here.

Based on the foregoing, the undersigned finds that the instant petition for writ of habeas corpus is untimely and Petitioner is not eligible for equitable tolling. Accordingly, the undersigned recommends that this Court dismiss the instant petition for writ of habeas corpus as time-barred.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned finds that Petitioner Darnell Mosley failed to file his petition for writ of habeas corpus within the one-year statute of limitations found in 28 U.S.C. § 2244(d). Therefore, the undersigned recommends that this Court dismiss with prejudice Petitioner's habeas petition because it is time-barred.

Date: October 25, 2005        */s/George J. Limbert*
                              George J. Limbert
                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).